# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GEORGE R. YOUNG, | ) Case No. 1:18-cv-01398 |
| Petitioner | ) Judge Dan Aaron Polster |
| v. | ) **OPINION AND ORDER** |
| WARDEN CHAE HARRIS, | ) |
| Respondent. | ) |

This case is before the Court on the Report and Recommendation ("R & R") of Magistrate Judge Kathleen B. Burke, Doc #: 18. The Magistrate Judge recommends that the Court dismiss Petitioner George Young's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody, Doc. #: 1. On August 29, 2019, Young timely filed Objections to Judge Burke's R & R. Doc #: 2. The Court has carefully reviewed the R & R and Young's Objections, and hereby **OVERRULES** Young's Objections and **ADOPTS** the R & R in full.

Young is currently incarcerated at Warren Correctional Institution, having been found guilty of rape and kidnapping. *State of Ohio v. Young*, Case No. 573242-13-CR (Cuyahoga County). Young filed his habeas corpus petition on June 20, 2018, asserting five grounds for relief:

> **GROUND ONE**: The trial court erred when it failed to dismiss the indictment due to pre-indictment delay, resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at trial. Has been exhausted.
>
> **GROUND TWO**: The trial court erred in failing to dismiss the indictment as having been time-barred by the six year statute of limitations in violation of his due

process rights, resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This issue has been exhausted, ripe for review. Citing State v. Tolliver, 146 Ohio App.3d 186 (2001). No. 78786.

**GROUND THREE**: The trial court erred in failing to dismiss the indictment as having been time-barred by the twenty year statute of limitations, (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This issue has been exhausted ripe for review Sub. S.B. No. 15.

**GROUND FOUR**: The trial court erred by allowing the state to amend the indictment by adding petitioner's name after the expiration of the statute of limitations had expired, and thereby denying petitioner his right to presentation to the grand jury, resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This issue has been exhausted and is ripe for review. State v. Headly (1983).

**GROUND FIVE**: The trial court erred in denying petitioner's motion to dismiss for lack of speedy trial, (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This issue has been exhausted and is ripe for review. See pro se motion to dismiss for lack of speedy trial attached.

Doc. 1, pp 3-4.

The Court has reviewed the record carefully and agrees with Magistrate Judge Burke's conclusion that each ground should be denied because Young failed to show any act in any ground that is contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented at state court. To the extent that Grounds Three, Four, and Five seek a review of the state court's interpretation of state law, the grounds are dismissed as not cognizable on federal habeas review.

In his Objections, Young re-states the arguments he has previously made in his Petition and Traverse. The Federal Magistrates Act requires a district court to conduct a de novo review of those portions of the R & R to which an objection has been made. 28 U.S.C. § 636(b)(1). However, an Objection to an R & R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08-CV-00113, 2010 U.S. Dist. LEXIS 70683, at *22, 2010 WL 2794246, at *7 (S.D. Ohio Jul. 14, 2010) (citation omitted); *see Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate . . . ."); *O'Brien v. Colvin*, No. CIV.A. 12-6690, 2014 WL 4632222, at *3, 2014 U.S. Dist. LEXIS 129179, at *7–8 (E.D. Pa. Sept. 16, 2014) (collecting cases); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."). The Court need not afford de novo review to objections which merely rehash arguments presented to and considered by the magistrate judge. Because Young's objections are simple recitations of his previous arguments, the Court finds Young's Objections not well-taken.

Accordingly, the Court **OVERULES** Petitioner's Objections, Doc #: 20, and **ADOPTS IN FULL** Magistrate Judge Burke's Report and Recommendation, Doc #: 18. The above-captioned case is hereby **DISMISSED AS FINAL**.

**IT IS SO ORDERED.**

 *s/Dan Aaron Polster   9/5/2019*
**Dan Aaron Polster**
**United States District Judge**